IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVIS D. TODD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10cv974-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff Travis D. Todd applied for supplemental security income payments under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision. The Appeals Council reversed the ALJ's decision and remanded the case to, "[i]f necessary[,] [] complete the record, obtain appropriate consultative examinations with medical source statements regarding the claimant's ability to perform work-related activities." Tr. 108. A different ALJ held another hearing and issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision. Plaintiff appealed, but the Appeals Council denied review and the ALJ's decision consequently became the final

decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. #9); Def.'s Consent to Jurisdiction (Doc. #10).  Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

*Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was twenty-three years old at the time of the ALJ's decision and had completed the tenth grade. Tr. 23 & 138. Plaintiff had no past relevant work experience. Tr. 25. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 18, 2004. Tr. 20. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "neurofibromatosis, stenosis of the right ear canal, borderline intellectual to low average intellectual functioning, and attention deficit disorder." *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 22. Next, the ALJ found that Plaintiff retained the RFC to perform a range of medium work involving only simple, unskilled, repetitive, routine, and low stress tasks, with only brief and superficial contact with the public, little independent judgment, and only routine changes. Tr. 23. The ALJ then found that the transferability of job skills was not an issue because Plaintiff did not have past work.

(Step 4) Tr. 25. The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 25. The ALJ identified the following occupations as examples: "small production assembler," "industrial sweeper," and "hand packager." *Id*. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . since February 18, 2004." Tr. 26.

## IV.   PLAINTIFF'S CLAIM

Plaintiff's sole claim is whether "the ALJ's [RFC] findings are [] based on substantial evidence." Pl.'s Brief (Doc. #12) at 6. More specifically, Plaintiff argues that the second ALJ failed to satisfy the purpose of the remand from the Appeals Council when he: (1) failed to obtain any further consultative examinations; (2) failed to adequately address Dr. Gam's report; and (3) failed to ask a comprehensive hypothetical question. The court will address each of these arguments below.

## V.   DISCUSSION

### A.   Consultative Examiners

Plaintiff argues that the second ALJ had a duty to order new consultative examinations upon the remand by the Appeals Council. Plaintiff bases this argument on what was expressed in the remand order. Pl's. Brief (Doc. #12) at 6. However, the Appeals Council's remand did not expressly require the ALJ to order new consultative examinations. Rather,

the order suggested it as something the ALJ might employ in order to meet the purpose of the remand–completing the record. Specifically, the order stated "[i]f necessary to complete the record, obtain appropriate consultative examinations with medical source statements regarding the claimant's ability to perform work-related activities." Tr. 108. The ALJ apparently did not find it necessary and the decision not to order new consultative examinations did not violate the remand order. The question then becomes whether that decision was reversible error.

Plaintiff argues that the ALJ should have ordered a consultative exam because of Plaintiff's knee condition, his neurofibromatosis, and to clarify the record regarding his psychological condition. As to his knee condition, Plaintiff simply argues that the ALJ based his decision on pre-surgical information, and that the fact that Plaintiff required surgery at all indicated a condition that likely affected his ability to work, thus, a consultative examination was necessary.

"The regulations 'normally require' a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources. 20 C.F.R. § 404.1519a(b)." *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001). Accordingly, if the court finds that there was sufficient information in the record regarding Plaintiff's knee condition from his treating medical sources, or other medical sources, then the ALJ did not err in failing to order a consultative exam. Here, the court finds there was sufficient information in the record regarding

Plaintiff's knee condition. Not only did the ALJ have Dr. Jones's post-operative report (Tr. 492), but he also had the testimony of the medical expert, who testified that any residual effects of the surgery would not be expected to last 12 months.

As to Plaintiff's neurofibromatosis, he argues that Dr. Gam did not specifically state in his report how Plaintiff's facial deformity might be "a liability" and that ME, Dr. Anderson, merely testified that Plaintiff "has some facial cosmetic issues." Pl.'s Brief (Doc. #12) at 8. Plaintiff offers the "lay comments from SSA" and Dr. Slavich's notes in support of his argument that the ALJ should have ordered a consultative examination. *Id*. at 8-9. Again, the question is whether there was sufficient information in the record for the ALJ to base his opinion. The court finds that there was sufficient medical information in the record regarding Plaintiff's facial condition. Specifically, Dr. Slavich expressly stated that "[b]ased on my medical findings objectively I cannot find any significant impairments that would preclude him from doing work related activities." Tr. 426. There is nothing in the record that would have triggered any need for a consultative exam on this issue. The medical evidence of record clearly indicated that it was not an issue that would affect Plaintiff's ability to work.

As to his psychological condition, Plaintiff simply bases this argument on Dr. Slavich's notes regarding Plaintiff's difficulties in dealing with the public, and his anxiety and depressive issues. Pl.'s Brief (Doc. #12) at 8. Plaintiff does not explain how he can rely on Dr. Slavich's notes to argue that the ALJ should have ordered a consultative examination,

8

when Dr. Slavich clearly expressed that none of his findings would preclude Plaintiff from performing work activities. Further, the record contains the opinion of Dr. Gam, a consultative examiner. It is clear from the ALJ's opinion and the RFC determination that he relied on Dr. Gam's opinions and formulated the RFC to account for Plaintiff's limitations. Thus, Plaintiff fails to point this court to any reason why the information already of record was not sufficient and why the ALJ was required to order a consultative examination.

### B.     Dr. Gam's Report

Here, Plaintiff argues that: "[t]he ALJ did not adequately address some aspects of Dr. Gam's report which had vocational relevance." Pl.'s Brief (Doc. #12) at 7. After listing Dr. Gam's findings as to Plaintiff's physical and psychological difficulties, Plaintiff argues that "[t]he issue of whether Dr. Gam meant that Plaintiff could not sustain concentration and pace for more than two hours at a time or two hours total was not clarified or addressed." *Id*. at 8. The court assumes that when Plaintiff states that the issue was not "addressed," he means by the ALJ's RFC. However, the ALJ did, in fact, discuss Dr. Gam's findings in his opinion. *See* Tr. 21 & 24. Further, it is clear that the RFC was formulated by taking into account Plaintiff's limitations in concentration. The ALJ found Plaintiff suffered from moderate difficulties in concentration and crafted an RFC that took this into account. As the ALJ stated in his opinion, "Dr. Gam opined that the claimant does have some attention problems and may have problems with maintaining concentration for more than two hours, but, according to Dr. Gam, this can be corrected with medication." Tr. 24. The limitations

9

imposed by the ALJ in the formulation of the RFC took into account Plaintiff's difficulties with concentration and Plaintiff fails to argue how the RFC was inconsistent with these findings.

### C. Hypothetical Question

Plaintiff's only argument here is that because the ALJ failed to order additional consultative examinations and develop all of Plaintiff's claims, the hypothetical question posed to the VE was incomplete. As the court has already found that the ALJ did not err in failing to order additional consultative examinations, and after reviewing the hypothetical question posed to the VE and finding that it does contain all of Plaintiff's medically supported limitations, the court finds that this claim fails.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

Done this 25th day of October, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE